**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**[SOUTHERN DIVISION]**

| | |
|---|---|
| FARSHID FRANK SEPEHRI; NASRIN SEPEHRI; and FARSHID FRANK SEPEHRI, as the Successor-in-Interest to THE ESTATE OF NAVID SEPEHRI 7509 Radnor Road Bethesda, MD 20817 | |
| *Plaintiffs,* | **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | Civil Action No. _ 8:20-cv-2608 __ |
| LEENA NARULA; RICKY NARULA; P&G CORPORATION D/B/A BURKA'S FINE WINES & LIQUORS, 3414 Wisconsin Ave. NW Washington, D.C. 20016 | |
| *Defendants.* | |

**COMPLAINT**

**NOW COME** the above-named Plaintiffs, in their representative and individual

capacities, to bring this Wrongful Death and Survivor action suit against Defendant P&G

Corporation, operating under trade name Burka's Fine Wines & Liquors (hereinafter "Burka's");

and owners and operators of Burka's, Leena Narula and Ricky Narula. For their causes of action,

the Plaintiffs state as follows:

**PARTIES**

1.      Plaintiffs Mr. Farshid and Mrs. Nasrin Sepehri are the parents of Decedent Navid Sepehri, who was a minor at the time of his death in December 2017. Plaintiffs are residents of Montgomery County, Maryland, now and at the time of Navid's death.

2.      Plaintiff Mr. Farshid Sepehri was designated as administrator of his son Navid's intestate estate, and additionally brings a separate survival cause of action against Defendants for damages owed to Navid's estate.

3.      Defendant Burka's Fine Wines & Liquors (hereinafter "Burka's") is a liquor store located in the District of Columbia, engaged in the sale of alcohol for off-premises consumption. Burka's operates under Class A retail liquor license number ABRA-086394. Burka's Fine Wines & Liquors is the trade name for P&G Corporation, owned by Defendants Leena and Ricky Narula. On the day of Navid's death, he and his fellow minor friends purchased alcohol from Defendant.

4.      Defendants Leena and Ricky Narula are owners, operators, and agents of P&G Corporation.

**JURISDICTION AND VENUE**

5.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332, because (1) the amount in controversy exceeds $75,000.00 in economic and non-economic damages, exclusive of interest and costs, and (2) because there is complete diversity of citizenship between Plaintiffs and Defendants.

6.      Pursuant to Maryland Cts. & Jud. Pro. Code § 6-103(b)(4) (2013), a defendant may be subject to personal jurisdiction where defendant "Causes tortious injury in the State or outside of the State by an act or omission outside the State if he regularly does or solicits

business, engages in any other persistent course of conduct in the State or derives substantial revenue from goods, food, services, or manufactured products used or consumed in the State". Navid Sepehri's death occurred within the state of Maryland.

7.     Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391(b)(2), because the wrongful death of decedent Navid Sepehri occurred in Montgomery County, Maryland. This Court therefore sits in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred". Because the Court may exercise personal jurisdiction over all Parties, diversity jurisdiction over the claims presented, and is geographically appropriate for purposes of venue, Plaintiffs assert that all requirements of jurisdiction and venue are satisfied in filing suit before this Court.

## FACTUAL BACKGROUND

8.     Decedent Navid "Nav" Sepehri was raised by his parents, Farshid "Frank" and Nasrin, along with his younger sister Nika in Bethesda, MD where he had a close-knit group of friends he'd grown up with since elementary school. Navid was known by his friends as an always-smiling, kind-hearted person who helped fellow students with schoolwork and would be ready at a moment's notice if a friend wanted to spend time together. Navid was a gifted athlete, earning a brown belt in Karate in addition to playing soccer and lacrosse at school. He served as a teacher's assistant for Walt Whitman High science teacher Sherri Gingrich for both his junior and senior years of high school, and she recognized both his dedication to his friends and his studies as he prepared to go off to college after high school. An honors student, Navid was considering the University of Maryland and the University of Indiana, with plans to attend college together with some of his closest friends.

9.     In 2017, 17-year-old Navid was a senior at Walt Whitman High School in Bethesda. On December 9, 2017, Navid got permission from his father to get together with his friends Andres Rodriguez and Alex Cooper at Alex's house in Bethesda to play games and hang out. Later that day, Navid, Andres and Alex traveled by car to Washington, D.C. around 5 P.M. to purchase alcohol and food. They planned to purchase alcohol from Defendant Burka's in Washington, D.C. rather than going to a store in Maryland, because Burka's had a reputation among their fellow students as a store where fake IDs could be successfully used.

10.     On the way to Washington, D.C., Navid withdrew $20.00 from an ATM in River Road, Bethesda and then the boys drove to Defendant Burka's liquor store, where Andres purchased alcohol for himself as well as a 750ml bottle of Blue Raspberry Svedka Vodka ("Svedka Vodka") for Navid.

11.     Neither Decedent Navid nor any of his friends were of legal age to purchase alcohol, and the Code of the District of Columbia § 25–781(a)(1) prohibits the sale of alcohol to "[a] person under 21 years of age, either for the person's own use or for the use of any other person".

12.     Andres purchased the alcohol with cash while Alex and Navid waited in the car.

13.     Andres provided a South Carolina ID indicating that he was over 21 years old to Burka's cashier, this card was previously used at Burka's.

14.     The cashier simply checked Andres' ID for his listed birthdate, but did not inspect it further by comparing the date of birth with Andres appearance and how old he looks, use of lights, scanners, or comparison to ID guides. The cashier then easily authorized the sale.

15.     Plaintiffs believe the owners of Burka's, Defendants Leena and Ricky Narula, to also be the cashiers and operators of the store.

16.     Following the purchase of alcohol, the boys purchased food from the Chick-Fil-A in the Tenleytown neighborhood, located at 4505 Wisconsin Ave. NW, Washington, D.C. 20016, approximately one mile from Burka's. They then returned to Maryland where they were joined by more friends at Alex's house.

17.     Navid consumed the purchased alcohol over the course of the evening. Navid's friend Luke Walker joined the group later and reported to investigators that he had observed Navid with the bottle of Svedka Vodka and noticed that he appeared "pretty drunk" by approximately 10:00 P.M.

18.     Another friend, Courtney Cahill, told investigators that Navid was drinking Svedka vodka, contained in a blue and pink bottle, which he did not share with anyone else. The investigative report further notes, "When asked where young people would go to purchase alcohol, Courtney mentioned Burka's Liquor Store, which is located in Washington DC."

19.     In addition, Navid's friend Caleigh Stenger did see him visibly intoxicated and in possession of a bottle she described as Blue Raspberry Svedka Vodka and also stated that it was likely Navid had obtained the alcohol from Burka's.

20.     Navid was last seen at approximately 11:30 P.M. on December 9, 2017, when he appeared to be visibly intoxicated and attempted to return home alone on foot.

21.     Navid's father Farshid Sepehri became concerned when he did not return home that night, and at approximately 3 A.M. Mr. Sepehri went to the Montgomery County Police Department's 2nd District Station and spoke to an officer. Mr. Sepehri then began to search for his son, including contacting Navid's friends and neighbors in the area. At 12:46 P.M. on December 10, 2017, a missing person's report was filed for Navid in the Montgomery County Police Department.

22.     At approximately 5 P.M. on December 10th Mr. Sepehri found his son's unresponsive body in a ravine in the woods near the Bannockburn Swim Club in Bethesda, MD.

23.     An autopsy was performed on December 11, 2017 by the Office of the Chief Medical Examiner for the State of Maryland, in which it was determined that Navid's blood alcohol content showed acute alcohol intoxication reaching 0.35 in a urine test. The given cause of Navid's death was acute alcohol intoxication complicated by drowning and hypothermia.

24.     The half-empty bottle of Blue Raspberry Svedka Vodka was among the items collected in evidence that were on or near Navid's body at the time of discovery.

### Aftermath of Navid's Death

25.     Navid was the eldest child and only son of Plaintiffs. He is survived by his parents and his younger sister, Nika.

26.     Plaintiffs spent many frantic hours searching for their son on the night of December 9, 2017 and during the day on December 10th, inquiring of friends, neighbors and the police regarding his actions and whereabouts.

27.     Navid never returned home, and approximately 14 hours after Plaintiff Mr. Farshid Sepehri first approached local police regarding Navid's disappearance and following a tireless search, Mr. Sepehri personally discovered his son's body along with the items officially entered into evidence including the Svedka Vodka bottle in question.

28.     Navid's parents have spent the last two years attempting to get justice for their beloved son, they conduct interviews with witnesses and obtain evidence. They have also worked tirelessly to contact neighbors and community members who might have any information about what transpired on that tragic night.

29.     As a consequence of Defendants' negligence and Navid's resulting death, his family has suffered extreme grief and emotional distress. With the support of their local community, his parents have honored their son's memory through the Nav Foundation, working to educate others on the dangers of alcohol to minors so that other families will not suffer the profound loss and heartbreak that they have experienced and will always carry with them. They bring this suit in hopes that they can encourage greater accountability in the community for those who contribute to the issue of underage drinking.

30.     In addition to economic damages such as the cost of investigative, legal and funeral expenses, Mr. and Mrs. Sepehri claim non-economic damages for mental anguish, emotional pain and suffering, emotional distress, and loss of society, companionship, and comfort up to the statutory cap pursuant to Md. Courts and Judicial Proceedings Code Ann. § 11-108(b) for the combined claims of both Plaintiffs.

31.     Plaintiffs further request punitive damages in the amount of $10,000,000 USD, owing to not only Defendants' negligent acts in furnishing alcohol to the minors in question on December 9, 2017, but also upon suspicion and belief of Defendants' pattern of practice of willful sale of alcohol to minors as evidenced by the statements given by Navid's friends to police investigators. Mr. and Mrs. Sepehri hope to prevent any families from suffering the tragedy that they have faced, and assert that punitive damages are appropriate in this case to deter any such future violations.

32.     Finally, the estate of Navid Sepehri, through its administrator Mr. Farshid Sepehri, requests damages for economic costs such as funeral expenses, in addition to damages for conscious pain and mental suffering experienced by Navid prior to his death.

# COUNT I
# NEGLIGENCE

**(Against Defendants Leena and Ricky Narula by Plaintiffs FARSHID and NASRIN SEPEHRI individually and FARSHID SEPEHRI as Administrator of the Estate of DECEDENT NAVID SEPEHRI)**

33.     Plaintiffs hereby reallege and incorporate by reference each and every allegation contained above as if fully set forth in detail herein.

34.     Navid withdrew $20 from an ATM on December 9, 2017.

35.     Navid's friend Andres Rodriguez made the purchase of Svedka Vodka from Defendant Burka's on Navid's behalf.

36.     Navid was under 18 years of age at the time of the purchase Svedka Vodka from Burka's.

37.     Andres Rodriguez was under 18 years of age at the time of the purchase of Svedka Vodka from Burka's.

38.     Mr. Rodriguez's purchase was directly carried out by Defendants, or by Defendants' employees.

39.     The cashier did not properly confirm Mr. Rodriguez's age, because they did not inspect the driver's license provided upon request beyond a visual confirmation of the listed date of birth, or take other measures to verify its accuracy or validity.

40.     After obtaining alcohol from Burka's, Navid proceeded to consume that alcohol over the course of the evening, causing him to suffer acute alcohol intoxication that resulted in his untimely and tragic death.

41.     Defendants had a duty to not sell alcohol to minors, as established by D.C. Code § 25-781(a)(1), which specifically indicates that the sale of alcohol to a minor is prohibited "either for the person's own use or for the use of any other person", demonstrating

that the intended class of protected persons is not limited strictly to the minor who purchases the alcohol, but extends to any potential other minors who may intend to consume the alcohol as well.

42.     It was foreseeable that Mr. Rodriguez was purchasing alcohol to be shared with other minors and that those minors might engage in unsafe behavior; Navid was also of the protected class to which Defendants owed a duty of care.

43.     Defendants had a duty of care towards Navid, and acted negligently when they sold alcohol to a minor in violation of D.C. Code § 25-781(a)(1) without taking due measures to ensure that the customer was of legal age to purchase alcohol.

44.     Defendants breached their duty of care toward Navid and his friends when Burka's permitted Mr. Rodriguez to purchase alcohol as a minor. As operators and cashiers of Burka's, Defendants Leena and Ricky Narula are directly liable for their sale of alcohol to a minor. As owners of Burka's, Defendants Leena and Ricky Narula are directly liable for their store's violation of D.C. Code and would alternatively also be vicariously liable for the tortious actions of their employee carried out in the scope of employment if Mr. Rodriguez's purchase was authorized by another Burka's worker.

45.     Navid's death, as indicated by the Medical Examiner's report, was attributed to acute alcohol intoxication complicated by drowning and hypothermia, demonstrating that the injury Navid suffered was directly caused by this tortious breach of Defendants' duty of care.

46.     The bottle of Svedka Vodka identified in evidence with Navid's body was confirmed by Andres Rodriguez to have been purchased from Defendant Burka's.

47.     Mr. and Mrs. Sepehri allege that Defendants' negligence was the direct and proximate cause of their son's death.

# COUNT II
# NEGLIGENCE

**(Against Defendant Burka's Fine Wines and Liquors by Plaintiffs FARSHID and NASRIN SEPEHRI individually and FARSHID SEPEHRI as Administrator of the Estate of DECEDENT NAVID SEPEHRI)**

48.    Plaintiffs hereby reallege and incorporate by reference each and every allegation contained above as if fully set forth in detail herein.

49.    Navid withdrew $20 from an ATM on December 9, 2017.

50.    Navid's friend Andres Rodriguez made the purchase of Svedka Vodka from Defendant Burka's on Navid's behalf.

51.    Navid was under 18 years of age at the time of the purchase Svedka Vodka from Burka's.

52.    Andres Rodriguez was under 18 years of age at the time of the purchase of Svedka Vodka from Burka's.

53.    Mr. Rodriguez's purchase was directly carried out by Defendants, or by Defendants' employees.

54.    The cashier did not properly confirm Mr. Rodriguez's age, because they did not inspect the driver's license provided upon request beyond a visual confirmation of the listed date of birth, or take other measures to verify its accuracy or validity.

55.    After obtaining alcohol from Burka's, Navid proceeded to consume that alcohol over the course of the evening, causing him to suffer acute alcohol intoxication that resulted in his untimely and tragic death.

56.    Plaintiffs allege that Defendant Burka's is liable for selling alcohol to Mr. Rodriguez under a theory of negligence: (1) Burka's had a duty to not sell alcohol to minors, and had a duty of care towards all minors who might be harmed by that sale, including both Mr.

Rodriguez and Decedent Navid Sepehri; (2) Burka's breached its duty by selling alcohol to Mr. Rodriguez in violation of D.C. Code § 25-781(a)(1) without taking sufficient measures to validate his ID or confirm his age; (3) Navid was harmed as a result of Burka's negligence; and (4) Burka's negligence was both the proximate and but-for cause of Navid's death from acute alcohol intoxication.

57.     Plaintiffs allege that Defendants Leena and Ricky Narula are directly liable for their violation of D.C. Code § 25-781(a)(1) and negligence in selling alcohol to a minor without properly confirming the customer's age, and Defendant Burka's is directly liable for the store's negligence and violation of D.C. Code.

58.     Plaintiffs further allege that Defendant Burka's is vicariously liable for the sale of alcohol to Mr. Rodriguez because this negligent act was committed by Burka's owners/cashiers in the scope of work, or alternatively by a Burka's employee in the scope of employment.

## COUNT III
## NEGLIGENCE PER SE

**(Against Defendants Leena and Ricky Narula by Plaintiffs FARSHID and NASRIN SEPEHRI individually and FARSHID SEPEHRI as Administrator of the Estate of DECEDENT NAVID SEPEHRI)**

59.     Plaintiffs hereby reallege and incorporate by reference each and every allegation contained above as if fully set forth in detail herein.

60.     Navid withdrew $20 from an ATM on December 9, 2017.

61.     Navid's friend Andres Rodriguez made the purchase of Svedka Vodka from Defendant Burka's on Navid's behalf.

62.     Navid was under 18 years of age at the time of the purchase Svedka Vodka from Burka's.

63.     Andres Rodriguez was under 18 years of age at the time of the purchase of Svedka Vodka from Burka's.

64.     Mr. Rodriguez's purchase was directly carried out by Defendants, or by Defendants' employees.

65.     The cashier did not properly confirm Mr. Rodriguez's age, because they did not inspect the driver's license provided upon request beyond a visual confirmation of the listed date of birth, or take other measures to verify its accuracy or validity.

66.     After obtaining alcohol from Burka's, Navid proceeded to consume that alcohol over the course of the evening, causing him to suffer acute alcohol intoxication that resulted in his untimely and tragic death.

67.     Plaintiffs allege that Defendants' violation of D.C. Code § 25-781 constitutes negligence per se, because it is a public safety statute designed to protect minors from harm due to the unsafe decisions and outcomes they might face as a result of consuming alcohol.

68.     As established above, Navid is a member of the class that the statute intended to protect, because it prohibits the sale of alcohol to minors both for their own consumption and the consumption of others. Even though Navid did not personally purchase the alcohol that he consumed, Defendants' sale of alcohol to Mr. Rodriguez was a violation of this statute and Navid was a foreseeable injured party.

69.     Navid's death is not distant or attenuated from the nature of Defendants' tort; rather than suffering an injury that might have been caused due to impairment from alcohol, the excessive consumption of alcohol was officially deemed to be the direct cause of his death. Defendants' actions therefore directly caused Navid's death, both as the but-for cause of his intoxication, and as the proximate cause of injury to a foreseeable victim.

70.     Mr. and Mrs. Sepehri allege that Defendants' negligence per se was the direct and proximate cause of their son's death.

71.     Defendants had a duty of care towards Navid, and their sale of alcohol to a minor in violation of D.C. Code § 25-781(a)(1) constitutes negligence per se. Alternatively, as owners and operators of Burka's, Defendants would be vicariously liable for negligence per se if the sale were authorized by an employee because such a sale would have been performed in the scope of employment.

72.     Navid was a member of the class of individuals intended to be protected by the D.C. Code, and Defendants breached their duty towards both Navid and Mr. Rodriguez. This breach permitted alcohol to be provided to minors, and the underage consumption of this alcohol directly caused Navid's death.

## COUNT IV
## NEGLIGENCE PER SE

**(Against Defendant Burka's Fine Wines & Liquors by Plaintiffs FARSHID and NASRIN SEPEHRI individually and FARSHID SEPEHRI as Administrator of the Estate of DECEDENT NAVID SEPEHRI)**

73.     Plaintiffs hereby reallege and incorporate by reference each and every allegation contained above as if fully set forth in detail herein.

74.     Navid withdrew $20 from an ATM on December 9, 2017.

75.     Navid's friend Andres Rodriguez made the purchase of Svedka Vodka from Defendant Burka's on Navid's behalf.

76.     Navid was under 18 years of age at the time of the purchase Svedka Vodka from Burka's.

77.     Andres Rodriguez was under 18 years of age at the time of the purchase of Svedka Vodka from Burka's.

78.     Mr. Rodriguez's purchase was directly carried out by Defendants, or by Defendants' employees.

79.     The cashier did not properly confirm Mr. Rodriguez's age, because they did not inspect the driver's license provided upon request beyond a visual confirmation of the listed date of birth, or take other measures to verify its accuracy or validity.

80.     After obtaining alcohol from Burka's, Navid proceeded to consume that alcohol over the course of the evening, causing him to suffer acute alcohol intoxication that resulted in his untimely and tragic death.

81.     In violating D.C. Code § 25-781(a)(1) by selling alcohol to Mr. Rodriguez who was a minor at the time of sale, Defendants committed an act of negligence per se because this statute was designed to protect minors who might suffer harm due to underage drinking, and both Mr. Rodriguez and Navid were of the class of persons the statute was intended to protect.

82.     Plaintiffs allege that Leena and Ricky Narula are directly liable for their violation of D.C. Code § 25-781(a)(1) and for their per se negligence in selling alcohol to a minor, Defendant Burka's is also directly liable for the store's negligence and violation of D.C. Code.

83.     Plaintiffs further allege that Defendant Burka's is vicariously liable for the negligence per se resulting from the sale of alcohol to Mr. Rodriguez because this act was committed by Burka's owners or employees in the scope of work.

## COUNT V
## WRONGFUL DEATH

**(Against Defendants Leena and Ricky Narula by Plaintiffs FARSHID and NASRIN SEPEHRI individually)**

84. Plaintiffs hereby reallege and incorporate by reference each and every allegation contained above as if fully set forth in detail herein.

85. Navid withdrew $20 from an ATM on December 9, 2017.

86. Navid's friend Andres Rodriguez made the purchase of Svedka Vodka from Defendant Burka's on Navid's behalf.

87. Navid was under 18 years of age at the time of the purchase Svedka Vodka from Burka's.

88. Andres Rodriguez was under 18 years of age at the time of the purchase of Svedka Vodka from Burka's.

89. Mr. Rodriguez's purchase was directly carried out by Defendants, or by Defendants' employees.

90. The cashier did not properly confirm Mr. Rodriguez's age, because they did not inspect the driver's license provided upon request beyond a visual confirmation of the listed date of birth, or take other measures to verify its accuracy or validity.

91. After obtaining alcohol from Burka's, Navid proceeded to consume that alcohol over the course of the evening, causing him to suffer acute alcohol intoxication that resulted in his untimely and tragic death.

92. Plaintiffs allege that the acts of negligence and negligence per se by Defendants established above caused Navid's death on the night of December 9, 2017. Defendants owed a duty of care towards Navid and his fellow minor friends, and because that duty was breached,

Navid was placed in an unmonitored and unprotected situation where he was not able to make safe, informed choices. Statutory prohibitions on the sale and service of alcohol to minors such as D.C. Code Section 25–781 and MD CR § 10-117(b) are specifically designed to prevent placing children in such circumstances, and the tragic death of Mr. and Mrs. Sepehri's son demonstrates a failure to safeguard this vulnerable, protected class of children.

93.     Section 3-901(e) of the Maryland Wrongful Death Act defines a "wrongful act" as "an act, neglect, or default including a felonious act which would have entitled the party injured to maintain an action and recover damages if death had not ensued." Navid was a foreseeable injured party resulting from Defendants' wrongful act, and if the acute alcohol intoxication complicated by drowning and hypothermia had not claimed his life, he would most likely have required hospitalization and emergency medical treatment for which he would have been entitled to recover damages as a result of Defendants' tortious act.

94.     Pursuant to Section 3-904(g) of the Maryland Wrongful Death Act, an action must be commenced within three years after the death of the injured person. Navid's death was determined to have occurred sometime between the night of December 9, 2017 and the morning of December 10, 2017, indicating that any such action may be timely filed until at earliest December 9, 2020. Plaintiffs' suit is therefore timely within this statutory requirement.

95.     Defendants had a duty of care towards Navid, and acted negligently when they sold alcohol to a minor in violation of D.C. Code § 25-781(a)(1) without taking due measures to ensure that the customer was of legal age to purchase alcohol, or alternatively are vicariously liable for the negligent actions of a Burka's employee in authorizing the sale.

96.     Navid was a member of the class of individuals intended to be protected by the D.C. Code, and Defendants breached their duty towards both Navid and Mr. Rodriguez. This

breach permitted alcohol to be provided to minors, and the underage consumption of this alcohol directly caused Navid's death.

97.     Mr. and Mrs. Sepehri allege that Defendants' acts of negligence and negligence per se were the direct and proximate cause of their son's death.

98.     Had the harm to Navid as a result of Defendants' negligence not resulted in his death, he would have been entitled to bring action against Defendants for injuries caused as a result of Defendants' negligent breach of duty and tortious conduct.

## COUNT VI
## WRONGFUL DEATH

**(Against Defendant Burka's Fine Wines & Liquors by Plaintiffs FARSHID and NASRIN SEPEHRI individually)**

99.     Plaintiffs hereby reallege and incorporate by reference each and every allegation contained above as if fully set forth in detail herein.

100.     Navid withdrew $20 from an ATM on December 9, 2017.

101.     Navid's friend Andres Rodriguez made the purchase of Svedka Vodka from Defendant Burka's on Navid's behalf.

102.     Navid was under 18 years of age at the time of the purchase Svedka Vodka from Burka's.

103.     Andres Rodriguez was under 18 years of age at the time of the purchase of Svedka Vodka from Burka's.

104.     Mr. Rodriguez's purchase was directly carried out by Defendants, or by Defendants' employees.

105.     The cashier did not properly confirm Mr. Rodriguez's age, because they did not inspect the driver's license provided upon request beyond a visual confirmation of the listed date of birth, or take other measures to verify its accuracy or validity.

106.     After obtaining alcohol from Burka's, Navid proceeded to consume that alcohol over the course of the evening, causing him to suffer acute alcohol intoxication that resulted in his untimely and tragic death.

107.     Plaintiffs allege that Defendants Leena and Ricky Narula are directly liable for their violation of D.C. Code § 25-781(a)(1) and for their negligence in selling alcohol to a minor without properly confirming the customer's age. Additionally, their violation of D.C. code constitutes an act of negligence per se. Defendant Burka's is also directly liable for the store's negligence and violation of D.C. Code.

108.     Plaintiffs further allege that Defendant Burka's is vicariously liable for the tortious actions of its owners in the scope of work as store operators and cashiers, or alternatively by its employees committed in the scope of employment.

109.     Section 3-901(e) of the Maryland Wrongful Death Act defines a "wrongful act" as "an act, neglect, or default including a felonious act which would have entitled the party injured to maintain an action and recover damages if death had not ensued." Navid was a foreseeable injured party resulting from Defendants' wrongful act, and if the acute alcohol intoxication complicated by drowning and hypothermia had not claimed his life, he would most likely have required hospitalization and emergency medical treatment for which he would have been entitled to recover damages as a result of Defendant's tortious conduct.

## COUNT VII
## SURVIVAL ACTION

**(Against Defendants Leena and Ricky Narula by Plaintiff FARSHID SEPEHRI as Administrator of the Estate of DECEDENT NAVID SEPEHRI)**

110.    Plaintiff Farshid Sepehri, as Administrator of the estate of Navid Sepehri, hereby realleges and incorporates by reference each and every allegation contained above as if fully set forth in detail herein.

111.    Navid withdrew $20 from an ATM on December 9, 2017.

112.    Navid's friend Andres Rodriguez made the purchase of Svedka Vodka from Defendant Burka's on Navid's behalf.

113.    Navid was under 18 years of age at the time of the purchase Svedka Vodka from Burka's.

114.    Andres Rodriguez was under 18 years of age at the time of the purchase of Svedka Vodka from Burka's.

115.    Mr. Rodriguez's purchase was directly carried out by Defendants, or by Defendants' employees.

116.    The cashier did not properly confirm Mr. Rodriguez's age, because they did not inspect the driver's license provided upon request beyond a visual confirmation of the listed date of birth, or take other measures to verify its accuracy or validity.

117.    After obtaining alcohol from Burka's, Navid proceeded to consume that alcohol over the course of the evening, causing him to suffer acute alcohol intoxication that resulted in his untimely and tragic death.

118.    Plaintiffs allege that Defendants Leena and Ricky Narula are directly liable for their violation of D.C. Code § 25-781(a)(1) and for their negligence in selling alcohol to a minor

without properly confirming the customer's age. Additionally, their violation of D.C. code constitutes an act of negligence per se. As owners and operators of Burka's, Defendants would alternatively be vicariously liable for the negligent actions of a Burka's employee committed in the scope of employment.

119.    Mr. Sepehri alleges that Defendants' acts of negligence and negligence per se were the direct and proximate cause of their son's death.

120.    Defendants had a duty of care towards Navid, and acted negligently when they or their employee sold alcohol to a minor in violation of D.C. Code § 25-781(a)(1) without taking due measures to ensure that the customer was of legal age to purchase alcohol.

121.    Navid was a member of the class of individuals intended to be protected by the D.C. Code, and Defendants breached their duty towards both Navid and Mr. Rodriguez. This breach permitted alcohol to be provided to minors, and the underage consumption of this alcohol directly caused Navid's death.

122.    Section 7-401(y) of the Maryland Estates and Trusts Code Annotated describes a survival action as "a personal action which the decedent might have commenced or prosecuted", empowering the administrator of an estate to prosecute claims for which the decedent might have commenced actions had he survived, including claims for injury resulting from the defendant's negligence. As administrator of his son's intestate estate, Plaintiff Mr. Sepehri is entitled to bring a survival action for damages on behalf of his son's estate.

123.    Had the harm to Navid as a result of Defendants' negligence not resulted in his death, he would have been entitled to bring action against Defendants for injuries caused as a result of Defendants' negligent breach of duty. Navid suffered not only acute alcohol intoxication which was identified as the direct cause of his death, but according to his

postmortem examination report, also suffered from drowning and hypothermia as well as superficial injuries to his head and neck. For physical and mental harm suffered prior to his death, Navid's estate is entitled to bring an action for damages against Defendants.

124.     As a separate and distinct cause of action from wrongful death, Navid Sepehri's estate, through administrator Mr. Sepehri, brings claims for damages resulting from Navid's conscious pain and mental suffering prior to his death, in addition to funeral expenses up to $10,000 as authorized by Md. Est. & Trusts Code Ann. § 7-401(y). Mr. Sepehri further requests punitive damages for the negligent acts of Defendants, which caused his son's untimely death.

## COUNT VIII
## SURVIVAL ACTION

**(Against Defendant Burka's Fine Wines & Liquors by Plaintiff FARSHID SEPEHRI as Administrator of the Estate of DECEDENT NAVID SEPEHRI)**

125.     Plaintiff Farshid Sepehri, as Administrator of the estate of Navid Sepehri, hereby realleges and incorporates by reference each and every allegation contained above as if fully set forth in detail herein.

126.     Navid withdrew $20 from an ATM on December 9, 2017.

127.     Navid's friend Andres Rodriguez made the purchase of Svedka Vodka from Defendant Burka's on Navid's behalf.

128.     Navid was under 18 years of age at the time of the purchase Svedka Vodka from Burka's.

129.     Andres Rodriguez was under 18 years of age at the time of the purchase of Svedka Vodka from Burka's.

130.     Mr. Rodriguez's purchase was directly carried out by Defendants, or by Defendants' employees.

131. The cashier did not properly confirm Mr. Rodriguez's age, because they did not inspect the driver's license provided upon request beyond a visual confirmation of the listed date of birth, or take other measures to verify its accuracy or validity.

132. After obtaining alcohol from Burka's, Navid proceeded to consume that alcohol over the course of the evening, causing him to suffer acute alcohol intoxication that resulted in his untimely and tragic death.

133. Plaintiff alleges that Defendant Burka's is directly liable for the store's negligent sale of alcohol to a minor, and also vicariously liable for the tortious actions of its owners or employees in the scope of their work as cashiers.

134. Section 7-401(y) of the Maryland Estates and Trusts Code Annotated describes a survival action as "a personal action which the decedent might have commenced or prosecuted", empowering the administrator of an estate to prosecute claims for which the decedent might have commenced actions had he survived, including claims for injury resulting from the defendant's negligence. As administrator of his son's intestate estate, Plaintiff Mr. Sepehri is entitled to bring a survival action for damages on behalf of his son's estate.

135. Had the harm to Navid not resulted in his death, he would have been entitled to bring action against Defendant Burka's for injuries caused as a result of Defendants' negligent breach of duty and tortious conduct. Navid suffered not only acute alcohol intoxication which was identified as the direct cause of his death, but according to his postmortem examination report, also suffered from drowning and hypothermia as well as superficial injuries to his head and neck. For physical and mental harm suffered prior to his death, Navid's estate is entitled to bring an action for damages against Defendant Burka's.

136.     As a separate and distinct cause of action from wrongful death, Navid Sepehri's estate, through administrator Mr. Sepehri, brings claims for damages resulting from Navid's conscious pain and mental suffering prior to his death, in addition to funeral expenses up to $10,000 as authorized by Md. Est. & Trusts Code Ann. § 7-401(y). Mr. Sepehri further requests punitive damages for the negligent acts of Defendants, which caused his son's untimely death.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request that the Court enter judgment against Defendants as follows:

1. For compensatory and general damages in excess of the jurisdictional amount, including but not limited to Plaintiffs Mr. and Mrs. Sepehri's mental anguish, emotional pain and suffering, emotional distress, loss of enjoyment of life, loss of society, and other non-economic damages in an amount to be determined at trial of this action, up to the statutory cap to be calculated or any higher amount determined by this Court; and for conscious pain and suffering experienced by Decedent Navid prior to his death, asserted by Mr. Sepehri as Administrator;

2. For economic damages including but not limited to funeral expenses and investigative costs to be determined at trial of this action;

3. For punitive damages in the amount of $10,000,000 USD;

4. For pre- and post-judgment interest on all damages as allowed by the law;

5. For costs of suit incurred herein;

6. For attorney fees under existing law; and

7. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury as to all issues.


Dated: September 10, 2020


_____/s/ Ali Herischi_____
**Ali Herischi, Esq.**
Herischi & Associates, LLC
7201 Wisconsin Ave. Ste. 440
Bethesda, MD 20814
ali.herischi@ibhlaw.com
Tel.: 301.363.4540
Fax: 301.363.4538

*Attorney for Plaintiffs*