UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | | |
|---|---|---|
| FARSHID SEPEHRI *et al*. | : | |
| Plaintiffs | : | |
| v. | : | Case No. 8:20-cv-2608-GJH |
| LEENA NARULA *et al*. | : | |
| Defendants. | : | |

**DEFENDANTS LEENA NARULA, RICKY NARULA AND P & G CORPORATION d/b/a BURKA'S FINE WINE AND LIQUORS MEMORANDUM IN SUPPORT OF THE MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Defendants Leena Narula, Ricky Narula and P & G Corporation d/b/a Burka's Fine Wine and Liquors ("Burka's"), by counsel, and pursuant to the Federal Rules of Civil Procedure Rule 12(b)(1) respectfully move for this Honorable Court to dismiss the matter due to lack of subject-matter jurisdiction. In further support of this Motion, Defendants state as follows:

**I.      Factual Background**

The above-captioned matter arises out of Navid Sepehri's death in Bethesda, Maryland on or December 10, 2017. Plaintiffs, through counsel, filed this wrongful death and survivor action on September 10, 2020, and contend that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendants." *See* Compl. at ¶¶ 5, 7.

However, contrary to Plaintiffs' assertion, complete diversity jurisdiction does not exist in this matter. Defendants Leena Narula and Ricky Narula are not residents of Washington, D.C., as cited in the caption of the Complaint. Rather, they are currently residents of Montgomery County, Maryland, and they were residents of Montgomery County, Maryland at the time of the alleged

occurrence.  Accordingly, Defendants respectfully request that this Court dismiss this matter for lack of subject matter jurisdiction.

**II.     Legal Standard of Review for a Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1)**

Federal courts have limited jurisdiction, and they may exercise that jurisdiction only where it is specifically authorized by federal statute.  *See* Fed. R. Civ. P. 12(b)(1); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  "District courts have jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states." *Dillard v. BMW Fin. Servs. NA*, 2020 U.S. Dist. LEXIS 30618 at *7 (D. Md. Feb. 20, 2020) (citing 28 U.S.C. § 1332(a)(1)).

"Importantly, diversity jurisdiction requires **complete diversity between *all* parties**." *Id.* (citing *Banca Del Sempione v. Provident Bank of Maryland*, 85 F.2d 615 (4th Cir. 1996)) (additional citations omitted) (emphasis added).  The general rule is that "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Evanston Ins. Co. v. Dan Ryan Builders, Inc.*, 2017 U.S. Dist. LEXIS 8320 at *7 (D. Md. Jan. 19, 2017) (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570 (2004)) (quoting *Mollan v. Torrance*, 22 U.S. 537, 539 (1824)).

"A challenge to jurisdiction under Rule 12(b)(1) may proceed either as a facial challenge, asserting that the allegations in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "that the jurisdictional allegations of the complaint [are] not true."" *MediGrow LLC v. Natalie M. Laprade Med. Cannabis Comm'n*, 2020 U.S. Dist. LEXIS 169583 at **7-8 (D. Md. Sep. 16, 2020) (citing *Kerns v. United States*, 858 F.3d 187, 192 (4th Cir. 2009)).  If the Court determines that jurisdiction is lacking, the Court cannot proceed, and its sole remaining duty is to state that it lacks jurisdiction and dismiss the case.  *Dillard v. BMW*

*Fin. Servs. NA*, 2020 U.S. Dist. LEXIS 30618 at *5 (D. Md. Feb. 20, 2020) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)).

### III.     Legal Argument

The Court should dismiss this matter for lack of subject matter jurisdiction due to the absence of complete diversity jurisdiction among the parties in this action. Plaintiffs are residents of Maryland, and although Plaintiffs contend that all Defendants are residents of the District of Columbia, Defendants Leena Narula and Ricky Narula are also residents of Maryland. *See* Affidavits of Leena Narula and Ricky Narula appended hereto as Exhibit A and Exhibit B, respectively.

Thus, given that two of the three Defendants in this matter have resided in the in Maryland, the same jurisdiction as Plaintiffs from 2017 to present, complete diversity jurisdiction does not exist. Consequently, pursuant to Federal Rules of Civil Procedure Rule 12(b)(1), the Complaint must be dismissed with prejudice.

### IV.     Conclusion

WHEREFORE, Defendants Leena Narula, Ricky Narula and P & G Corporation d/b/a Burka's Fine Wine and Liquors respectfully request that Plaintiffs' Complaint be dismissed with prejudice due to lack of subject-matter jurisdiction.

Respectfully submitted,

CARR MALONEY P.C.


By: */s/ Thomas L. McCally*
Thomas L. McCally, Esq. (Bar No. 06716)
Samantha N. Lewis, Esq. (Bar No. 21318)
Carr Maloney P.C.
2020 K Street, NW
Suite 850
Washington, D.C. 20006
(202) 310-5500 (telephone)
(202) 310-5555 (facsimile)
Tom.McCally@carrmaloney.com
Samantha.Lewis@carrmaloney.com
*Counsel for Defendants*